IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant

v.                                                                                    No. 1:10-cv-00137 JB/RHS

GANDY DANCER, LLC;
BNSF RAILWAY COMPANY; and
ROY D. MERCER, LLC

    Defendants,

and

BNSF RAILWAY COMPANY,

    Counter-Plaintiff,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Counter-Defendant.

**THE HARTFORD FIRE INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT DECLARING THAT THE TERMS
OF THE POLICY ISSUED TO GANDY DANCER DO NOT PROVIDE
COVERAGE FOR ROY D. MERCER, LLC'S CLAIMS
<u>AGAINST BNSF AND GANDY DANCER</u>**

    COMES NOW Plaintiff and Counter-Defendant, Hartford Fire Insurance Company incorrectly sued herein as The Hartford Fire Insurance Company ("Hartford Fire"), by and through its counsel of record, Miller Stratvert P.A. (Todd A. Schwarz and Thomas J. Bunting), and moves the Court for summary judgment, requesting the Court to declare that the policies Hartford Fire issued to Gandy Dancer do not provide coverage for the damages sought by Roy D. Mercer, LLC ("Mercer") in the consolidated actions

currently pending in Socorro County District Court, BNSF Railway Company v. Roy D. Mercer, LLC v. Gandy Dancer, LLC, D-725-CV-2008-00092, and Roy D. Mercer, LLC v. Gandy Dancer, LLC, D-725-CV-2011-00044 ("Underlying Actions"). Damages claimed in the Underlying Actions do not fall within the general insuring provision because they were not caused by an "occurrence" and, additionally, they are excluded from coverage. As grounds therefore, Hartford Fire states that the following facts are undisputed:

## UNDISPUTED MATERIAL FACTS

Facts Giving Rise To The Underlying Action

1. BNSF owns and operates a railroad track and facilities in Socorro County, New Mexico. A portion of these facilities is located adjacent to a tract of land owned by Mercer which lies within a silting basin for the Brown, a/k/a Matanza, Arroyo (hereinafter referenced as the "Brown Arroyo Property"). [Verified Complaint for Injunctive Relief, Declaratory Judgment, Negligence and Nuisance filed in the Seventh Judicial District Court, County of Socorro, State of New Mexico, No. D-725-CV-200800092, on June 3, 2008, attached hereto as Exhibit 6,[1] ¶ 8; see generally Amended Complaint for Declaratory Judgment and Injunctive Relief, filed on August 22, 2008, attached hereto as Exhibit 7; and Mercer's Complaint for Damages, filed in the Seventh Judicial District Court, County of Socorro, State of New Mexico, No. D-725-CV-201100044, attached hereto as Exhibit 8]

2. Mercer acquired the Brown Arroyo Property by deed filed in the Office of the County Clerk of Socorro County on December 29, 2003. [Exhibit 6, ¶ 11]

3. At the time that Mercer acquired the Brown Arroyo Property, a water diversion system went through the property to control floodwaters flowing down the Brown Arroyo. [Exhibit 6, ¶ 17]

---

[1] Hartford Fire's Exhibits 1 through 5 are attached to its Complaint for Declaratory Judgment [DOC 1], filed on February 16, 2010. Exhibits 6 through 13 are filed with this Motion.

4. BNSF claims an easement on the Brown Arroyo Property that grants to BNSF the right to use the natural material as it may desire for the construction of ditches, dikes, spoil banks, and other necessary facilities and structures to protect the railroad from floodwaters of the Brown Arroyo. [Exhibit 6, ¶ 14]

5. Around late July to early August 2006, BNSF hired Defendant Gandy Dancer, LLC ("Gandy Dancer") to reconstruct the diversion system by clearing vegetation, building up the levees, expanding the diversion channel, and constructing piers to control floodwaters to minimize the likelihood of additional breaches and flood damage. Some of the work performed by Gandy Dancer was done on the Brown Arroyo Property. [Exhibit 6, ¶ 22; Complaint for Declaratory Judgment [DOC 1] ¶ 17; Defendant BNSF Railway Company's Amended Answer to Complaint for Declaratory Judgment and Counterclaim [DOC 15], filed herein on April 13, 2010, ¶ 17; Defendant Gandy Dancer, LLC's Answer to Complaint for Declaratory Judgment [DOC 12] filed herein on March 28, 2010, ¶ 17; Defendant Roy D. Mercer's Answer to Plaintiff's Complaint for Declaratory Judgment [DOC 14], filed herein on April 5, 2010, ¶ 17]

6. BNSF and Gandy Dancer knew they were re-constructing the diversion system on the Brown Arroyo Property and using dirt and other resources from the Brown Arroyo Property, but claim that they had the legal right and authority to do so. [Exhibit 6, ¶¶ 14, 22; Complaint for Declaratory Judgment [DOC 1], and Exhibit 1 thereto ¶ 6; BNSF's Reply and Affirmative Defenses to the Counterclaim filed by Defendant/Counter-Plaintiff Roy D. Mercer, LLC, filed in Underlying Action on August 14, 2008, relevant pages attached hereto as Exhibit 9, ¶¶ 6, 14; Mercer's Memorandum Brief in Opposition to Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction, filed in the Underlying Action, relevant pages attached hereto as Exhibit 10]

7.     BNSF commenced the Underlying Actions by filing a Verified Complaint for Injunctive Relief, Declaratory Judgment, Negligence, and Nuisance on June 3, 2008 and obtained a temporary injunction preventing Mercer from disturbing the remedial work performed on the levees. [Exhibit 6]

8.     On July 8, 2008, Mercer filed an answer and counterclaim in this first Underlying Action ("Counterclaim"). [See Counterclaim, Exhibit 1 to Complaint for Declaratory Judgment [DOC 1]] On September 15, 2008, Mercer filed an Answer to Amended Complaint for Declaratory Judgment and Injunctive Relief and Counterclaim in the Underlying Action ("First Amended Counterclaim"), in which Mercer appeared to drop all of the allegations and claims made in the original Counterclaim and purported to assert claims for declaratory judgment and "modification of the easement by estoppel." [See First Amended Counterclaim, Exhibit 2 to Complaint for Declaratory Judgment [DOC 1]] On June 24, 2009, Mercer filed Defendant/Counter-Plaintiff's Second Amended Counterclaim against Plaintiff/Counter-Defendant BNSF in the Underlying Actions ("Second Amended Counterclaim"). [See Second Amended Counterclaim, Exhibit 4 to Complaint for Declaratory Judgment [DOC 1]]

9.     Mercer claims that reconstruction of the water diversion system and use of the resources on the Brown Arroyo Property constitutes the damage to Mercer's property. [DOC 1, Exhibits 1, 2 and 4] BNSF claims that Mercer's only recourse is for inverse condemnation. [See Affirmative defense No. 10 in BNSF's Reply and Affirmative Defenses to the Second Amended Counterclaim filed by Defendant/Counter-Plaintiff Roy D. Mercer, LLC, filed in Underlying Action on August 3, 2009, relevant pages attached hereto as Exhibit 11]

4

Hartford Fire Insurance Policies

10. Hartford Fire issued a policy of business liability insurance to Gandy Dancer, Policy Number 21 UUN QZ5048, with policy dates of 8/8/2005 to 8/8/2006 ("2005-06 Gandy Dancer Policy"). [Relevant pages of the 2005-06 Gandy Dancer Policy are attached hereto as Exhibit 12]

11. Hartford Fire also issued a policy of business liability insurance to Gandy Dancer, Policy Number 21 UUN QZ5048, with policy dates of 8/8/2006 to 8/8/2007 ("2006-07 Gandy Dancer Policy"). [Relevant pages of the 2006-07 Gandy Dancer Policy are attached hereto as Exhibit 12] The 2005-06 Gandy Dancer Policy and the 2006-07 Gandy Dancer Policy are collectively referenced herein as the Gandy Dancer Policies.

12. BNSF sought coverage under the Gandy Dancer Policies for Mercer's claims. [Defendant BNSF Railway Company's Amended Answer to Complaint For Declaratory Judgment and Counterclaim [DOC 15], filed herein on April 13, 2010]

13. Hartford Fire filed its Complaint for declaratory judgment in this Court on February 16, 2010.

14. The Gandy Dancer Policies provide coverage for, in relevant part, "property damage" caused by an "occurrence," as those terms are defined in the Policies. Specifically, the Gandy Dancer Policies provide in relevant part:

> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . .
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:

5

>     (1) The "bodily injury" or "property damage" is caused by an "occurrence"...

[Exhibits 12 and 13 p. 1, Commercial General Liability Coverage Form]

15. "Occurrence" is defined in the Gandy Dancer Policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [Exhibit 12 p. 15 and Exhibit 13 p. 17, Commercial General Liability Coverage Form]

16. The Gandy Dancer Policies also include the following exclusions:

>   a. Expected Or Intended Injury:
>
>   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.
>
>   ***
>
>   j. Damage To Property:
>
>   "Property damage" to:
>   ...
>
>     (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

[Exhibits 12 and 13 pp. 2 and 4, Commercial General Liability Coverage Form]

17. The Gandy Dancer Policies distinguish between the Named Insured and additional insureds as follows:

>   Throughout this policy the words "you" and "your" refer to the named insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy. ...
>   The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

6

[Exhibits 12 and 13 p. 1, Commercial General Liability Coverage Form]

18.     Gandy Dancer is the only Named Insured under the policy.[2]

Based upon these undisputed material facts, any alleged property damage is not covered under the terms of the Policies because (1) the alleged property damage is not an "occurrence" and (2) exclusions a. and j.(5) operate to exclude coverage.

Hartford Fire further relies upon its Memorandum in Support of Motion for Summary Judgment filed herewith.

WHEREFORE, Hartford Fire requests this Court to enter summary judgment in its favor declaring that the Gandy Dancer Policies do not provide coverage for the claims asserted by Mercer in its Second Amended Counterclaim against BNSF or its Third Party Complaint against Gandy Dancer, because the incident described therein is not an "occurrence" and because Mercer's damages are excluded under the terms of the Gandy Dancer Policies.

> Respectfully submitted,
>
> MILLER STRATVERT P.A.
>
>
> By  /s/ Todd A. Schwarz
>     Todd A. Schwarz
>     Thomas J. Bunting
>     Attorneys for Plaintiff/Counter-Defendant
>     Post Office Box 25687
>     Albuquerque, New Mexico  87125
>     Telephone:  (505) 842-1950
>     Facsimile:  (505) 243-4408
>     E-Mail: tschwarz@mstlaw.com

---

[2] Hartford Fire <u>assumes for purposes of this Motion only</u> that BNSF qualifies as an additional insured.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically through the CM/ECF system on June 10, 2011, and will be served automatically pursuant to the Court's rules and regulations to the following counsel of record:

**Attorneys for Gandy Dancer, LLC:**
Robert P. Warburton
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
P.O. Box 528
Albuquerque, New Mexico 87103
Telephone: (505) 938-7770
Facsimile: (505) 938-7781
E-Mail: rpw@stelznerlaw.com

**Attorneys for BNSF Railway Company:**
Earl E. DeBrine Jr.
Paul T. Halajian
Tim L. Fields
Modrall Sperling Roehl Harris & Sisk P.A.
P.O. Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800
Facsimile: (505) 848-9710
E-Mail: pth@modrall.com

**Attorneys for Roy D. Mercer, LLC:**
David C. Chavez
David C. Chavez Law Firm
P.O. Box 1615
Los Lunas, New Mexico 87031-1615
Telephone: (505) 865-9696
Facsimile: (505) 865-9699
E-Mail: dcchavezlaw@hotmail.com

Kenneth R. Wagner
Lisa Pistorio Ford
Wagner Ford Law, P.A.
P.O. Box 25167
Albuquerque, NM 87125-5167
Telephone: (505) 242-6300
Facsimile: (505) 242-0790
E-Mail: sheilag@wagnerfordlaw.com

/s/ Todd A. Schwarz
Todd A. Schwarz

\\prolaw\proclient\013195-042162\pleadings_federal\864420.docx