IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant

v.        No. 1:10-cv-00137 JB/RHS

GANDY DANCER, LLC;
BNSF RAILWAY COMPANY; and
ROY D. MERCER, LLC

    Defendants,

and

BNSF RAILWAY COMPANY,

    Counter-Plaintiff,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Counter-Defendant.

## THE HARTFORD FIRE INSURANCE COMPANY'S REPLY IN FAVOR OF ITS MOTION FOR SUMMARY JUDGMENT REGARDING PERSONAL AND ADVERTISING INJURY COVERAGE

The plain language of the Hartford Policies provides Personal and Advertising Injury coverage for a claim of wrongful entry of a premises, occupied by a person, committed by the owner. The state court action does not state a claim for Personal and Advertising Injury as that term is defined by the Policies. For these reasons, the Policies do not cover the underlying claims pursuant to Coverage Part B, and Hartford has no duty to defend or indemnify BNSF or Gandy Dancer ("the Defendants") in the state court action brought by Roy D. Mercer, LLC ("Mercer").

## I. RESPONSE TO BNSF'S ADDITIONAL UNDISPUTED MATERIAL FACTS

1. Hartford does not dispute that this Additional Fact accurately excerpts the October 7, 2011 affidavit of Mike Mechenbier.

2. Hartford does not dispute that the first sentence in this Additional Fact accurately excerpts paragraph 4 of Mr. Mechenbier's affidavit. Hartford disputes the remainder of this Additional Fact to the extent it appears to be an inaccurate characterization of the sources it cites – BNSF's Exhibit B and Exhibit F. Hartford also disputes that this Additional Fact is material.

3. Hartford does not dispute that the first sentence in this Additional Fact accurately excerpts paragraph 8 of Mr. Mechenbier's affidavit. Hartford disputes the remainder of this Additional Fact because it is not a fact, but an opinion held by BNSF's expert witness in the state court action.

4. Hartford does not dispute that this Additional Fact accurately excerpts the October 7, 2011 affidavit of Mike Mechenbier.

5. Hartford does not dispute that this Additional Fact accurately excerpts the state court order that comprises BNSF's Exhibit H. Hartford disputes the remainder of this Additional Fact because it is argumentative and not supported by admissible evidence.

## II. THE STATE COURT CLAIMS DO NOT SEEK DAMAGES FOR "PERSONAL AND ADVERTISING INJURY"

Defendants contend that the Policies cover the state court claims pursuant to Coverage Part B. Mercer's allegations and the evidence defeat this claim. The only Personal and Advertising Injury offense that, at first blush, seems remotely related to the facts at issue here is subsection c., which defines Personal Injury as including:

> The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

However, the mere mention of the term "trespass" in Mercer's allegations against the Defendants does not bring the allegations of the state court action within the ambit of Coverage Part B. Fanning out the language of the definition, it is clear that in order to constitute Personal Injury under the applicable subpart, the Policies require two circumstances, limited by one of two possible contingencies. First there must be an occupied room, dwelling or premises. Second,

2

there must be a wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy. However, the definition does not apply under all circumstances where there is an occupied space and a wrongful eviction, entry, or invasion. Rather, the wrongful behavior must be performed either by or on behalf of the owner, landlord or lessor of the space.

Because the Mercer property is not a premises, and because Mercer does not allege that the Defendants trespassed onto any property of which the Defendants were owners, Mercer does not allege a Personal or Advertising Injury.

### a. The Mercer Property Is Not A Premises By Any Reasonable Construction Of That Term

The Defendants do not claim that the property is either a room or a dwelling. Therefore coverage is not afforded to any of Mercer's allegations unless its land can be deemed a "premises." The Mercer property is not a premises, as stated in Hartford's Motion. The Defendants have searched the internet and, unsurprisingly, found some authority that would seem to include pieces of vacant land in their definitions of "premises." Tellingly, not one of the cases cited by BNSF in its Response considers the term "premises" in the context of Personal and Advertising Injury.

For example, both Fort Worth Lloyds v. Garza, 527 S.W.2d 195, 198 (Tex. Civ. App. 1975) and Bianchi v. Westfield Ins. Co., 191 Cal. App. 3d 287, 289 (1987), considered the definition of "premises" in homeowners' insurance policies. Hanson v. N. Star Mut. Ins. Co., 71 F. Supp. 2d 1007, 1012 (D.S.D. 1999) concerned a "farmowners policy" that, almost by definition, would cover large swaths of empty land. Allstate Ins. Co. v. Naai, 684 F. Supp. 2d 1220, 1224 (D. Haw. 2010) aff'd, 10-15415, 2012 WL 3016770 (9th Cir. July 24, 2012), concerned a comprehensive personal liability policy. Oregon Mut. Ins. Co. v. Highland Court, LLC, No. CO8-394 JLR, 2009 WL 779268 *5 (W.D. Wash. 2009), concerned a CGL policy,

3

however, the court noted that "[t]he policy does contain a 'DESCRIPTION OF PREMISES' which states that the building is a 14 unit apartment." How this case supports Defendants' argument that Mercer's vacant land is a premises is unclear.

BNSF cites to the cases above and then proclaims that they prove "insurance industry practices" run contrary to the definition of "premises" in Hartford's Policies. This is too broad a stroke to paint when dealing with a specific term in a contract that carries with it the surrounding context of that contract, as "premises" does here. Although BNSF cited to another case in favor of its definition of premises, Ballsun v. Star Petroleum Co., 288 P. 437, 440 (1930), it appears to have overlooked that court's cautionary statement that "the word 'premises' has various meanings, and must be considered in relation to that which precedes, or to which it refers…." Thus the Defendants' assertion that the term "premises" is ambiguous because different courts expand or contract its definition in completely different contexts, is unconvincing. Ballsun further shows the folly of Defendants' argument because, although BNSF believes that case supports its position, it clearly states that: "The authorities are numerous to the effect that in insurance cases the word 'premises' means 'buildings,' or in leases of buildings it sometimes means the part of a building which is leased." Id. at 440.

> **b. The Defendants Had No Type Of Possessory Or Ownership Interest In The Property That Mercer Claims They Trespassed On And Interfered With; Further, Mercer Does Not Claim That The Defendants Trespassed On Or Interfered With Any Of The Land As To Which They May Have Had A Possessory Or Ownership Interest.**

Mercer does not allege a Personal Injury against either of the Defendants. A Personal Injury must allegedly be both:

**1.** a wrongful eviction, wrongful entry, or invasion of the right of private occupancy of another; **and**

**2.** be committed by or on behalf of its owner, landlord or lessor.

Nowhere in the state court action does Mercer allege that the Defendants did both of these things in concert; Mercer alternately alleges one and then the other. To get around this fact, the Defendants have cobbled together parts of many different allegations against them in hopes that the whole affair will be too confusing for the Court to understand. According to Defendants' Reponses, they are covered under the Policies because they "owned" one part of land and allegedly trespassed on a completely different piece of land. This is incorrect.

Mercer first alleges that the Defendants constructed earthworks that, although within the BNSF easement, will nevertheless affect Mercer's right of occupancy of property outside of the easement. Mercer also alleges that the earthworks, including the "berm," are a nuisance. In other words, Mercer acknowledges that both it and BNSF have overlapping rights to the land that is encumbered by the easement, such that BNSF argues that all three could be characterized as owners. As such, Mercer may allege that the Defendants were either "owner, landlord or lessor" of these portions of the Mercer property, thus fulfilling the second requirement of a Personal Injury.[1] However, Mercer does not allege that the Defendants used the easement in any way that interfered with Mercer's right to also use <u>that same property</u>. Therefore the second requirement is not met and these claims by Mercer do not allege a Personal Injury.

Mercer also alleges that the Defendants performed work outside of the bounds of the BNSF easement, thus interfering with Mercer's right of occupancy of land that it owned in fee and to which neither BNSF nor Gandy Dancer had any ownership or possessory interest. With respect to these claims, the Defendants have allegedly perpetrated a "wrongful entry into or invasion of the right of private occupancy of" the land, thus satisfying the first condition of a Personal Injury. However, because these allegations only apply to land that Mercer owns

---

[1] For purposes of disproving BNSF's argument on this point, and only for this section, Hartford will presume that BNSF's easement could be characterized as an ownership interest in the land within the bounds of the easement.

5

outright, the Defendants were neither "owner, landlord [n]or lessor" and thus do not satisfy the second requirement.

There is no doubt that BNSF's easement appears to grant it broad rights to perform construction activities within that easement. However, whether or not BNSF and Gandy Dancer can be characterized as owners of the land covered by the easement, they are in no way owners of the Mercer land on which Mercer claims they trespassed and interfered with Mercer's right of occupancy. Because none of Mercer's claims against the Defendants allege a wrongful entry, etc. onto land as to which the Defendants were also owners, Mercer does not allege Personal Injury.

### III. THIS MOTION FOR SUMMARY JUDGMENT WAS PROPERLY FILED AND IS NOT A MOTION TO RECONSIDER

The Defendants' Responses are heavy on hyperbole regarding why the Defendants believe Hartford should not have filed this Motion. But the Responses do not cite to any rule or case law in support of their arguments. No such authority exists. See Pinkerton v. Colo. DOT, 563 F.3d 1052, 1061 (10th Cir. 2009) (stating that "the argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment").

The present Motion asserts that Hartford owes no duty to defend or indemnify the Defendants because the claims against them in the state court action allege neither a Personal Injury nor an Advertising Injury as the Policies define those terms. Hartford previously addressed arguments by Defendants, that the Personal and Advertising Injury coverage applied to allegations in the state court action, which they raised in their Responses to Hartford's first Motion for Summary Judgment. However, Hartford's obligation to address arguments raised in response to its first Motion for Summary Judgment does not preclude it from now moving for summary judgment on the issue of Personal and Advertising Injury coverage. A non-movant

cannot foreclose arguments that it fears the other party might make in the future, merely by raising similar arguments in response to a pending motion. A rule such as that which the Defendants propose would allow response motions to be used offensively to hamstring the other side. That is, presumably, one of the reasons why such a rule does not exist.

If the Defendants wished Personal and Advertising Injury coverage to be a summary judgment issue earlier, they could have filed motions for summary judgment on that issue. Instead they attempt to re-characterize Hartford's first Motion for Summary Judgment as one based on Personal and Advertising Injury, much the same way they attempt to re-characterize this Motion as one for reconsideration under Federal Rule of Civil Procedure 59. The Court should ignore this unsupported and incorrect argument.

## IV. CONCLUSION

Hartford respectfully requests that the Court grant it summary judgment and rule that the Personal and Advertising Injury coverage of the Hartford Policies does not provide coverage to BNSF or Gandy Dancer for the underlying actions, and grant Hartford declaratory judgment that it has no duty to defend or indemnify either Defendant.

Respectfully submitted,

MILLER STRATVERT P.A.

***ELECTRONICALLY FILED** November 9, 2012*

By /s/ Todd A. Schwarz
   Todd A. Schwarz
   Thomas J. Bunting
   Attorneys for Plaintiff/Counter-Defendant
   Post Office Box 25687
   Albuquerque, New Mexico 87125
   Telephone: (505) 842-1950
   Facsimile: (505) 243-4408
   E-Mail: tschwarz@mstlaw.com

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was filed electronically through the CM/ECF system on November 9th, 2012, and will be served automatically pursuant to the Court's rules and regulations to the following counsel of record:

**Attorneys for Gandy Dancer, LLC:**
Robert P. Warburton
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
P.O. Box 528
Albuquerque, New Mexico 87103
Telephone: (505) 938-7770
Facsimile: (505) 938-7781
E-Mail: rpw@stelznerlaw.com

**Attorneys for BNSF Railway Company:**
Tim L. Fields
Nathan T. Nieman
Modrall Sperling Roehl Harris & Sisk P.A.
P.O. Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800
Facsimile: (505) 848-9710
E-Mail: tfields@modrall.com

**Attorneys for Roy D. Mercer, LLC:**
Charles T. Dumars
Tanya L. Scott
Law & Resource Planning Associates
201 3rd Street, N.W., Suite 1750
Albuquerque, NM 87102
Telephone: (505) 346-0998
Facsimile: (505) 346-0997
E-mail: ctd@lrpa-usa.com
tls@lrpa-usa.com


*/s/Todd A. Schwarz*
Todd A. Schwarz

\\abq-tamarack\prodata\013195-042162\pleadings\2055708.doc